**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| LAURA LEA, <br>     PLAINTIFF, <br><br> v. <br><br> GC SERVICES LIMITED PARTNERSHIP, <br>     DEFENDANT | Case No. 4:16-cv-808 |

## COMPLAINT AND JURY DEMAND

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. Supplemental Jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. This action arises out of the Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter referred to as "FDCPA"), and the Texas Finance Code § 392.001, et seq (hereinafter referred to as "TDCA").

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

5. The Plaintiff resides in this Judicial District.

### PARTIES

6. The Plaintiff, Laura Lea ("Plaintiff"), is an adult individual residing in Collin County, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and Tex. Fin. Code § 392.001(1).

7. Defendant GC Services Limited Partnership ("Defendant") is a Delaware partnership believed to be operating from various places in the United States.

8. Defendant can be served in Texas via its registered agent, C T Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code § 392.001(6) and is a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7).

10. The principal purpose of Defendant is the collection of debts using the mails and telephone and other means.

11. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property, or services which are the subject of the transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## FACTUAL ALLEGATIONS

12. Sometime prior to the filing of this Complaint, Plaintiff allegedly incurred a financial obligation that was used primarily for personal, family or household purposes (hereinafter the "Account").  Specifically, Plaintiff believes the account was an unpaid credit card account, which was used to purchase various personal goods and services, but was never used for business purposes.

13. The Account allegedly went into default with the original creditor prior to the filing of this Complaint.

14. After the Account allegedly went into default, the Account was placed with or otherwise transferred to Defendant for collection.

15. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and is a "consumer debt" as that term is defined by Tex. Fin. Code § 392.001(2).

16. Plaintiff disputes the Account.

17. Plaintiff requests that Defendant cease all further communication on the Account.

18. Defendant's collector(s) were employee(s) of Defendant at all times mentioned herein.

19. Defendant acted at all times mentioned herein through its employee(s).

20. During the one year prior to the date of the filing of this Complaint, Defendant and/or representative(s), employee(s) and/or agent(s) of Defendant made telephone calls to Plaintiff to collect the Account.

21. In one such telephone communication, Defendant left the following message on Plaintiff's voicemail:

> Hello, this message is for Laura Lea. My name is Katrina (inaudible). I would appreciate you calling me back. You can reach me at 866-391-0768 extension 5052. Thank you.

22. In the message described in paragraph 21 above, Defendant failed to provide Plaintiff with meaningful disclosure of its identity.

23. In the message described in paragraph 21 above, Defendant failed to inform Plaintiff that Defendant was a debt collector.

24. In the message described in paragraph 21 above, Defendant failed to inform Plaintiff that the call was an attempt to collect a debt and that any information obtained would be used for the purpose of debt collection.

25. In another such telephone communication, Defendant left the following message on Plaintiff's voicemail:

> Hello, this message is for Laura Lea. My name is Joe Siegel. I would appreciate you calling me back. You can reach me at 866-391-0768 extension 5045. Thank you.

26. In the message described in paragraph 25 above, Defendant failed to provide Plaintiff with meaningful disclosure of its identity.

27. In the message described in paragraph 25 above, Defendant failed to inform Plaintiff that Defendant was a debt collector.

28. In the message described in paragraph 25 above, Defendant failed to inform Plaintiff that the call was an attempt to collect a debt and that any information obtained would be used for the purpose of debt collection.

29. In another such telephone communication, Defendant told Plaintiff that while she had the option of paying the original creditor directly, if she did so such payment would not stop collection activity on the account and then Defendant demanded that Plaintiff pay the account in full.

30. Defendant provided false and misleading information to Plaintiff in that if the Plaintiff had paid the original creditor on the account directly in the amount Defendant was demanding Plaintiff pay, the collection activity on the account would have stopped because there would have been nothing else to collect on the account.

31. Defendant's purpose for each telephone call(s) was to attempt to collect the Account.

32. The telephone call(s) each individually conveyed information regarding the Account directly or indirectly to Plaintiff.

33. The telephone call(s) each individually constituted a "communication" as defined by 15 U.S.C. § 1692a(2).

34. The only reason that Defendant and/or representative(s), employee(s) and/or agent(s) of Defendant made telephone call(s) to Plaintiff was to collect the Account.

35. The only reason that Defendant and/or representative(s), employee(s) and/or agent(s) of Defendant had telephone conversation(s) with Plaintiff was to collect the Account.

36. The only reason that Defendant and/or representative(s), employee(s) and/or agent(s) of Defendant left message(s) for Plaintiff was to collect the Account.

37. All of the conduct by the Defendant and/or its employees and/or agents alleged in the preceding paragraphs was done knowingly and willfully.

38. As a consequence of the Defendant's collection activities and communication(s), the Plaintiff seeks damages pursuant to 15 U.S.C. § 1692k(a) and Tex. Fin. Code § 392.403.

39. The conduct of the defendant as described above was done knowingly and willfully and purposefully.

**RESPONDEAT SUPERIOR**

40. The representative(s) and/or collector(s) at Defendant were employee(s) and/or agent(s) of Defendant at all times mentioned herein.

41. The representative(s) and/or collector(s) at Defendant were acting within the course and/or scope of their employment at all times mentioned herein.

42. The representative(s) and/or collector(s) at Defendant were under the direct supervision and/or control of Defendant at all times mentioned herein.

43. The actions of the representative(s) and/or collector(s) at Defendant are imputed to their employer, Defendant.

## COUNT I: VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

44. The previous paragraphs are incorporated into this Count as if set forth in full.

45. The act(s) and omission(s) of Defendant and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692d(6) and 15 U.S.C. § 1692e(2)&(8)&(10)&(11).

46. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs.

## COUNT II: VIOLATIONS OF THE TEXAS FINANCE CODE

47. The previous paragraphs are incorporated into this Count as if set forth in full.

48. The act(s) and omission(s) of Defendant and its representative(s), employee(s) and/or agent(s) violated Tex. Fin. Code § 392.304(a)(5)&(8)&(14)&(19).

49. Pursuant to Tex. Fin. Code § 392.403, Plaintiff seeks damages, reasonable attorney's fees and costs.

## JURY TRIAL DEMAND

50. The Plaintiff is entitled to and hereby demands a trial by jury.

## DEMAND FOR RELIEF

51. WHEREFORE, Plaintiff requests that the Court grant judgment in favor of Plaintiff and against Defendant as follows:

    a) Actual damages pursuant to 15 U.S.C. 1692k(a)(1).

    b) Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2).

    c) Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

d) Damages and reasonable attorney's fees and costs pursuant to Tex. Fin. Code § 392.403.

e) Permanently enjoin Defendant following trial of this cause from committing acts in violation of the statute(s) cited herein pursuant to Tex. Fin. Code § 392.403(a)(1).

f) Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Jeffrey D. Wood
Jeffrey D. Wood, Esq.
ArkBN: 2006164
The Wood Firm, PLLC
14524 Cantrell Rd.
Suite 140 – PMB 208
Little Rock, AR  72223
TEL:  682-651-7599
FAX:  888-598-9022
EMAIL:  jeff@mmlaw.pro
*Attorney for Plaintiff*